IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMANY IBRAHIM MOFTAH BERISHA, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:23-CV-1101-B-BK |
| § | |
| U.S. EMBASSY AND U.S. DEPARTMENT § | |
| OF STATE, § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On May 12, 2023, Amany Ibrahim Moftah Berisha filed a *pro se* complaint against the U.S. Embassy in Cairo, Egypt, and the U.S. Department of State. Doc. 3. On June 21, 2023, Berisha filed an amended complaint (the operative complaint) and paid the filing fee. Doc. 7. She alleges U.S. Citizenship and Immigration Services (USCIS) approved her I-130 petition on behalf of her husband, who resides in Egypt, but that the U.S. Embassy in Cairo later denied her husband's visa application. Doc. 7 at 1-2. Berisha asks the Court to consider her complaint against Defendants and award her $3 million in damages for emotional pain and suffering and "basic human rights" violation. Doc. 7 at 3 ("[T]hey have disregarded a basic human rights of gathering families together by adding torment to our lives.").

1

To expound on the legal and factual bases for her complaint, the Court issued two magistrate judge's questionnaires (MJQs). Doc. 11. In her MJQ responses, Berisha contends that she is suing under the Federal Torts Claims Act ("FTCA"), but does not assert that she exhausted her administrative remedies. Doc. 12 at 1-2; Doc. 19 at 1. Thus, jurisdiction is lacking.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Berisha fails to establish this Court's subject matter jurisdiction over her FTCA claims.

The FTCA waives the United States' sovereign immunity from tort suits. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1). Further, the proper defendant in a case brought under the FTCA is the United States of America, not the agency or its employees. *Galvin v. Occup. Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321,

324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Berisha does not name the United States as a defendant in her complaint, suing only the U.S. Embassy in Cairo and the U.S. Department of State.

That notwithstanding, exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. 28 U.S.C. § 2675(a). Indeed, the FTCA bars a claimant from bringing suit in federal court unless she filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See McNeil v. United States*, 508 U.S. 106, 112 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). Here, Berisha does not allege that she exhausted her administrative remedies. And in response to the Court's pointed inquiry, "[h]ave you exhausted your administrative remedies through the FTCA," Berisha wholly fails to answer and instead just reiterates the allegations in her operative complaint. Doc. 14 at 3; Doc. 19 at 1. Accordingly, the Court lacks jurisdiction over Berisha's tort claims.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend her complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged by Berisha in her operative complaint and MJQ responses demonstrate a lack of subject matter jurisdiction in this Court. In addition, the Court has already permitted Berisha to amend her complaint and to supplement it with her MJQ responses to establish jurisdiction, and she has declined. Under these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this civil action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on February 6, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).